**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CR. 07-1343 LH

JULIAN CALDERON-COCHERO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Defendant Julian Calderon-Cochero's Motion to Suppress and Memorandum in Support Thereof (Doc. 13, filed July 8, 2007). The Court held a hearing to address Defendant's motion on August 20, 2007. For the reasons stated on the record at the hearing, and for the following additional reasons, the Court will deny Defendant's motion to suppress.

    A traffic stop is a seizure that is treated as an investigative detention. *United States v. Botero-Ospina*, 71 F.3d 783, 786 (10th Cir. 1995). An investigative detention is an exception to the probable cause requirement. *See Terry v. Ohio*, 392 U.S. 1, 26 (1968). To determine whether an investigative detention is reasonable, the court must determine (1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place. *See id.* at 19-20; *Botero-Ospina*, 71 F.3d at 786. An investigative detention is justified at its inception only if the officer is aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the detained individual may be engaged in criminal activity. *See Terry*, 392 U.S. at 20-21.

    Probable cause to arrest exists only when the facts and circumstances known to the officer

are sufficient to warrant a man of reasonable caution to believe that a criminal offense has been or is being committed. *United States v. Cruz-Mendez*, 467 F.3d 1260, 1268 (10th Cir. 2006) (quoting *United States v. Soto*, 375 F.3d 1219, 1222 (10th Cir. 2004)). Probable cause is measured against an objective standard. *Id.*

The Court finds that the testimony of Officer Cindy McCants and of Officer Bobby Jaramillo was both credible and not contradictory. The Court finds that on May 11, 2007, Officer McCants saw unrestrained children in Defendant's moving vehicle. At that point, she had reasonable suspicion to stop Defendant's vehicle for that traffic violation. The Court additionally finds that Officer McCants stopped Defendant's vehicle because of the traffic violation and that this stop was not pretextual. The stop therefore did not violate the Fourth Amendment. *See Botero-Ospina*, 71 F.3d at 787 (traffic stop valid if based on observed traffic violation regardless of whether officer held any subjective motives for stopping vehicle).

The Court also finds that, once Officer McCants approached Defendant, she learned he only spoke Spanish, and he did not have a local driver's license, proof of insurance, or registration. The Court concludes that, when Defendant provided only a Mexican identification card that Officer McCants did not recognize, Officer McCants had reasonable suspicion to justify calling Border Patrol. The Court finds that Border Patrol arrived shortly after the initial stop of Defendant and that the length of time of Defendant's detention of approximately 30 minutes was not unreasonable. *See United States v. Cota-Herrera*, 75 Fed. Appx. 695, 698 (10th Cir. 2003) (unpublished decision) (where driver could not show entitlement to operate van or answer whether large number of tired people in van were documented, officer had reasonable suspicion to justify 15-20 minute detention of van and passengers until INS arrived). Finally, the Court finds that Defendant readily admitted to Officer Jaramillo to being in the country illegally. Based on the totality of the circumstances, the

Border Patrol agents had probable cause to arrest Defendant.  *See United States v. Treto-Haro*, 287 F.3d 1000, 1006 (10th Cir. 2002) (agent had probable cause to arrest defendant at time he admitted his illegal status).  Accordingly, the officers and agents did not violate Defendant's Fourth Amendment rights when stopping and arresting him.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress and Memorandum in Support Thereof (Doc. 13) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE